IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG WILLIAMS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-1203 |
| | : | |
| LARRY S. KRASNER, | : | |
|     Defendant. | : | |

### MEMORANDUM

**SCHMEHL, J. /s/ JLS**　　　　　　　　　　　　　　　　　　　　**SEPTEMBER 19, 2022**

    Plaintiff Craig Williams, a convicted prisoner currently incarcerated at SCI Albion, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendant Larry S. Krasner, asserting a violation of his Fourteenth Amendment due process rights based on the District Attorney Office's refusal to release documents. For the reasons that follow, on statutory screening required by 28 U.S.C. § 1915A, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### I.　　FACTUAL ALLEGATIONS

    Williams's allegations are brief. Williams asserts that he filed a "Right-To-Know" request in August 2016 with the Philadelphia District Attorney Civil Litigation Unit. (Compl. (ECF No. 2) at 4.)[1] Williams contends that although his request "led to after discovered fact information admitting [that] document[s] exist[ed]," he was told by "the d.a.'s office" that the documents would not be turned over. (*Id.* at 4, 6.) Williams identifies the requested documents as the guilty plea, venire list, witness statements, and weapon receipt. (*Id.*) Williams avers that the existence of these documents caused him to file an untimely second petition under

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Pennsylvania's Post Conviction Relief Act ("PCRA") in November 2016 seeking discovery. (*Id.* at 5-6.)

The facts underlying Williams's document request were summarized in detail by the Honorable Abbe F. Fletman in the Philadelphia Court of Common Pleas:

> On August 16, 2016, the Open Records Officer for the District Attorney's Office received a request from [] Craig Williams under Pennsylvania's Right to Know Law. Mr. Williams requested that the District Attorney's Office provide him with: (1) "The guilty plea offer in 1988 for Com v. Craig Williams"; (2) "All Commonwealth witness statements in 1987 to 1988"; (3) "Voir Dire handwritten notes by Andrea Foulkes former State D.A."; (4) "Item Receipt Number for the weapon" and (5) "Venire list."
>
> On August 23, 2016, the District Attorney's Office denied Mr. Williams's request. The District Attorney's Office explained that the guilty plea, witness statements, voir dire notes and item receipt are criminal investigative records and the venire list is a non-financial judicial record created by employees of the Pennsylvania judiciary and therefore all five requested documents are exempt from Pennsylvania's Right to Know Law.
>
> On September 7, 2016, Mr. Williams appealed the District Attorney's Office's refusal to the OOR [Office of Open Records]. On October 6, 2016, the OOR issued a final determination affirming the District Attorney's Office's refusal to provide the guilty plea, witness statements, item receipt for the weapon and voir dire notes. The OOR, however, granted Mr. William's appeal for the venire list, determining that it was not a judicial record and dismissing the District Attorney's Office's concerns over juror safety.
>
> On October 20, 2016, the District Attorney's Office appealed the OOR's final determination . . . . The Court, after a hearing, granted the appeal on April 21, 2017 because the OOR lacked jurisdiction to hear Mr. William's appeal as it related to the venire list.

*Philadelphia Dist. Attorney's Office v. Williams*, 2018 WL 3243135, at *1 (Pa.Com.Pl. June 05, 2018) (citations omitted). Ultimately, the court determined that the Philadelphia District Attorney's Office need not provide a copy of the venire list to Williams. (*Id.*) Williams filed an appeal on September 4, 2017, which was quashed on February 8, 2019. *Philadelphia Dist. Attorney's Off. v. Williams*, 207 A.3d 410, 411 (Pa. Commw. Ct. 2019).

Williams avers that Krasner's refusal to release documents has deprived him of "his liberty interest while utilizing state procedure in violation of the due process clause in the

Fourteenth Amendment." (*Id.* at 4.)  Williams also contends that "statutory laws under Title 42 Pa.C.S. § 67.708(b)(16) along with Pa. Rules of Crim. Proc. 902 E (1) & (2), violates [sic] the constitution [and] . . . assist the district attorney's office with depriving [him] of his liberty interest to obtain documents in their possession in violation of Procedural Due Process." (*Id.* at 13.)  He also asserts a violation of the Pennsylvania Constitution. (*Id.* at 4.)  Williams claims he has suffered mental anguish, humiliation, sleep deprivation, anxiety, weight loss, distress, and stress as a result of Krasner's refusal to release the requested documents. (*Id.* at 6.)  As relief, Williams requests that documents in the possession of the "District Attorney" be turned over to him. (*Id.*)

## II.    STANDARD OF REVIEW

Although Williams has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*).  Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).  Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations and naked assertions will not suffice. *Iqbal*, 556 U.S. at 678. As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Williams to be asserting a violation of his Fourteenth Amendment due process rights based on Krasner's refusal to release documents. To the extent that Williams seeks declaratory judgment (Compl. at 17) or intends to assert a claim for damages under the Pennsylvania Constitution, any such claims will be dismissed as not plausible.[2]

Williams's due process claim is clearly time-barred. According to the public record, Williams's record request was received in the Philadelphia District Attorney's Office on August 16, 2016 and denied shortly thereafter on August 23, 2016. See *Philadelphia Dist. Attorney's Office*, 2018 WL 3243135, at *1. In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007);

---

[2] "[D]eclaratory judgment is inappropriate solely to adjudicate past conduct," and is also not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Williams's request for declaratory relief, accordingly, must be dismissed.

Further, there is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution."); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

*Wilson v. Garcia*, 471 U.S. 261, 276, (1985) (holding that the statute of limitations for a Section 1983 claim is borrowed from the state's personal injury statute of limitations). Therefore, Pennsylvania's two-year statute of limitations applies to Williams's claim. *See* 42 Pa. Cons. Stat. § 5524; *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (holding that "in actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury ... [which] is two years ... [for] due process claims"); *Walker v. Williams*, No. 15-1567, 2016 WL 687186, at *2 (E.D. Pa. Feb. 18, 2016), *aff'd*, 653 F. App'x 84 (3d Cir. 2016) (claim that procedural due process rights were violated is subject to Pennsylvania's two-year statute of limitations). Under federal law, which governs the accrual of § 1983 claims, a § 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. *Wallace*, 549 U.S. at 388 (holding that a Section 1983 claim accrues when the plaintiff has a complete and present cause of action, when the plaintiff can file suit and obtain relief); *Soppick v. Borough of W. Conshohocken*, 118 F. App'x 631, 634 (3d Cir. 2004) (citing *Montgomery v. DeSimone,* 159 F.3d 120, 126 (3d Cir.1998)).

In this case, the date implicating the statute of limitations would be August 23, 2016, when Williams was advised that the District Attorney's Office had denied his request for documents. *See Soppick*, 118 F. App'x 631 at 635 (holding that the accrual date for plaintiffs' due process claim based on a failure to produce documents occurred on the date their document request was denied). Williams filed his Complaint on March 14, 2022.[3] Accordingly,

---

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Since the Complaint is dated March 14, 2022 (Compl. at 12), that is the earliest date it could have been handed to prison authorities for mailing.

Williams's claims are time-barred since they were not filed within two years of when they accrued.[4]  *See, e.g., Walker v. Williams*, No. 15-1567, 2016 WL 687186, at *3 (E.D. Pa. Feb. 18, 2016), *aff'd*, 653 F. App'x 84 (3d Cir. 2016) (procedural due process claim accrued when plaintiff was denied access to the items requested for post-conviction testing); *Priovolos v. Montgomery Cnty. Dist. Att'y Off.*, No. 17-0985, 2018 WL 925020, at *4 (E.D. Pa. Feb. 16, 2018) (same).  Since Williams cannot cure the defects in his claim, his Complaint will be dismissed with prejudice.[5]

---

[4] Even assuming that the accrual date did not occur until Williams's appeal was ultimately quashed by the Pennsylvania Commonwealth Court on February 8, 2019, see *Philadelphia Dist. Attorney's Off.,* 207 A.3d at 411, his claims would still be untimely because his Complaint was not filed within two years.

[5] Albeit unclear, to the extent that Williams challenges the state court rulings that his November 2016 petition was untimely under the PCRA, his claims are barred by the *Rooker-Feldman* doctrine.  *See Pittman v. Pennsylvania Gen. Assembly*, 642 F. App'x 87, 89 (3d Cir. 2016) (citing *D.C. Ct. of App. v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923).  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 166 (quotations omitted).  For the *Rooker-Feldman* doctrine to apply, four requirements must be met:  "(1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment."  *Wade v. Monroe Cty. Dist. Att'y*, 800 F. App'x 114, 118 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 344, 208 L. Ed. 2d 79 (2020) (citing *Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018) (quoting In re *Phila. Entm't & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018)).

All four requirements are met here.  First, Williams lost his state-court action when the PCRA court denied his November 2016 petition and his motions for discovery, which requested the court to compel the District Attorney's Office to provide documentation related to a guilty plea offer.  *Commonwealth v. Williams*, 2019 WL 6825169, at *2 (Pa. Super. 2019).  The Superior Court affirmed the dismissal.  (*Id.* at *3.)  Second, Williams asserts he was injured by the Pennsylvania courts' alleged misinterpretation and application of 42 Pa.C.S.A. § 9545(b)(ii) and Pa.R.Crim.P. 902(E)(1) and resulting denial of his discovery motions.  (Compl. at 16-17.)  Specifically, Williams contends that he has been deprived of his liberty interest to utilize state

7

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Williams's Complaint for failure to state a claim pursuant to 28 U.S.C. 1915A(b)(1).  Williams's Complaint is dismissed with prejudice because he cannot cure the defects in his time-barred claims.  An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

procedures and he has been deprived of the opportunity to obtain a reversal of his conviction and/or a reduction of sentence.  (*Id.*)  Third, the state-court judgment was entered before Williams filed his federal suit.  Fourth, Williams has asked this Court to order relief – an injunction to turn over the subject material – that would require a review of the validity of the contrary state-court judgment and hold that its interpretation violated procedural due process.  Because all four elements are met, the *Rooker-Feldman* doctrine bars his claim.  *Accord Wade*, 800 F. App'x at 118.