IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG WILLIAMS,                          :
    Plaintiff,                       :
                                     :
    v.                               :        CIVIL ACTION NO. 22-1203
                                     :
LARRY S. KRASNER,                        :
    Defendant.                       :

## MEMORANDUM

**SCHMEHL, J.  /s/  JLS**                                **NOVEMBER  9, 2022**

Plaintiff Craig Williams, a convicted prisoner currently incarcerated at SCI Albion, brought this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Defendant Larry S. Krasner, asserting a violation of his Fourteenth Amendment due process rights based on the District Attorney Office's refusal to release certain documents from his criminal trial. Plaintiff paid the filing fee. After performing the statutory screening required by 28 U.S.C. § 1915A, the Court, by Memorandum and Order dated September 19, 2022, dismissed the Complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. [ECF 13 and 14]. Specifically, the Court found that Plaintiff's claim was time-barred by the two-year statue of limitations governing claims under section 1983. On October 18, 2022, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit. Presently before the Court is the Plaintiff's motion for leave to appeal *in forma pauperis*. For the reasons that follow, the motion is denied.

A litigant who wishes to proceed *in forma pauperis* ("IFP") on appeal must comply with Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915; Fed. R. App. P. 24. Rule 24 requires that a party seeking

1

IFP status on appeal to file a motion in the district court and "attach an affidavit that: (A) shows ... the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). If the district court denies an IFP motion, the court must set forth its reasons in writing. Fed. R. App. P. 24(a)(2).

In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" for the purposes of § 1915(a)(3) does not mean "good faith from [the would-be appellant's] subjective point of view." *Coppedge v. United States*, 369 U.S. 438, 444 (1962). Instead, " 'good faith' in this context must be judged by an objective standard.... [A would-be appellant's] good faith in this type of case [is] demonstrated when he seeks appellate review of *any issue not frivolous.*" *Id.* at 445 (emphasis added). "An appeal is frivolous when it lacks an arguable basis either in law or fact, that is, when it relies on an 'indisputably meritless legal theory' or a 'clearly baseless' set of facts." *Pelzer v. Shea*, 470 Fed. App'x 62, 64 (3d Cir. 2012) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)).

Here, even assuming that Plaintiff has the ability to give security for fees and costs, the Court finds that Plaintiff's appeal was not taken in good faith.  Plaintiff's due process claim is clearly time-barred. According to the public record, Williams's request for records was received in the Philadelphia District Attorney's Office on August 16, 2016 and denied shortly thereafter on August 23, 2016. See *Philadelphia Dist. Attorney's Office v. Williams*, 2018 WL 3243135, at *1. (Pa.Com.Pl. June 5, 2018).

In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Therefore, Pennsylvania's two-year statute of limitations for personal injury clearly applies to Plaintiff's claim. See 42 Pa. Cons. Stat. § 5524; *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (holding that "in actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury ... [which] is two years ... [for] due process claims"); *Walker v. Williams*, No. 15-1567, 2016 WL 687186, at *2 (E.D. Pa. Feb. 18, 2016), aff'd, 653 F. App'x 84 (3d Cir. 2016) (claim that procedural due process rights were violated is subject to Pennsylvania's two-year statute of limitations).

Under federal law, which governs the accrual of § 1983 claims, a § 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. *Wallace*, 549 U.S. at 388 (holding that a Section 1983 claim accrues when the plaintiff has a complete and present cause of action, when the plaintiff can file suit and obtain relief).

The Court found that the date implicating the statute of limitations was clearly August 23, 2016, when Plaintiff was advised that the District Attorney's Office had denied his request for documents. *See Soppick v. Borough of West Conshohocken*, 118 F. App'x 631, 635 (3d Cir. 2004) (holding that the accrual date for plaintiffs' due process claim based on a failure to produce documents occurred on the date their document request was denied). Plaintiff did not file a Complaint in this matter until March 14, 2022. Accordingly, Plaintiff's claims are time-barred since they were not filed within two years

of the date when they accrued. See, e.g., *Walker* 2016 WL 687186, at *3 (procedural

due process claim accrued when plaintiff was denied access to the items requested for

post-conviction testing); *Priovolos v. Montgomery Cnty. Dist. Att'y Off.*, No. 17-0985,

2018 WL 925020, at *4 (E.D. Pa. Feb. 16, 2018) (same).

As Plaintiff's appeal is clearly frivolous, the Plaintiff's motion to appeal *in forma*

*pauperis* is denied.