## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG WILLIAMS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | | **No. 22-1203** |
| | : | |
| **LARRY S. KRASNER,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                          **SEPTEMBER  12, 2024**

Plaintiff Craig Williams, a convicted prisoner currently incarcerated at SCI Albion,

brought this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Defendant Larry S.

Krasner, the Philadelphia District Attorney, in his individual capacity, alleging that

certain provisions of the Pennsylvania Right-to-Know-Law ("RTKL") specifically, 65 Pa.

Cons. Stat. § 708 (b)(16), the Pennsylvania Post Conviction Relief Act ("PCRA")

specifically, 42 Pa. Cons. Stat. §9545(b)(1)(ii) and Pennsylvania Rule of Criminal

Procedure 902(E)(1)[1], violate the procedural due process clause of the Fourteenth

Amendment because each provision, as construed by the Pennsylvania courts,

---

[1] Under the RTKL, "records in possession of a government agency are presumed to be public unless exempt from disclosure under Section 708 of [the RTKL]." *Energy Transfer v. Moss*, 288 A.3d 957, 961 (Pa. Commw. Ct. 2023). Section 708 (b)(16) of the RTKL exempts from disclosure records which "relat[e] to or result[ ] in a criminal investigation."  65 Pa. Cons. Stat. Ann. § 67.708(b)(16).

Section 9545(b)(1)(ii) of the PCRA mandates that any PCRA petition must be filed within one year of the date of judgment becomes final, unless the petition alleges and the petitioner proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa. Cons. Stat. Ann. § 9545(b)(2). Pennsylvania Rule of Criminal Procedure 902(E)(1), which governs post-conviction discovery, provides, in general, that "no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances."

deprives Plaintiff of his liberty interest to utilize state procedures to obtain reversal of the conviction, and/or reduce his sentence. The claims arise from the Philadelphia District Attorney Office's refusal to release to Plaintiff, *inter alia*, a guilty plea offer from the Commonwealth that Plaintiff believe exists, but his counsel did not inform him of prior to trial, and the jury venire list from his state criminal trial.

Plaintiff paid the filing fee. After performing the statutory screening required by 28 U.S.C. § 1915A, the Court, by Memorandum and Order dated September 19, 2022, dismissed the Complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. [ECF 13 and 14.] Specifically, the Court *sua sponte* found that Plaintiff's procedural due process claims were time-barred by the two-year statute of limitations governing claims under section 1983. The Court also found that to the extent Plaintiff sought review of the state court decisions applying 42 Pa. Cons. Stat. §9545(b)(1)(ii) and Pa. R. Crim. P. 902(E)(1) to deny his request for the alleged guilty plea and venire list, that review is barred by the *Rooker-Feldman* doctrine. [2]

On October 18, 2022, Plaintiff filed a timely Notice of Appeal with the United States Court of Appeals for the Third Circuit. The Court of Appeals found that this Court

---

[2] Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). For the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment." *Wade v. Monroe Cty. Dist. Att'y*, 800 F. App'x 114, 118 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 344, 208 L. Ed. 2d 79 (2020) (citing *Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018) (quoting *In re Phila. Entm't & Dev. Partners*, 879 F.3d 492, 500 (3d Cir. 2018)). This Court concluded that all four requirements had been met.

erred in *sua sponte* dismissing Plaintiff's complaint based on the statute of limitations because Plaintiff's claims under the RTKL likely accrued on a different date from Plaintiff's claims under 42 Pa. Cons. Stat. § 9545(b)(1)(ii) and Pa. R. Crim. P. 902(E)(1). *Williams v. Krasner*, 2023 WL 3773861 (3rd Cir. 2023).

With regard to Plaintiff's RTKL claim, the Court of Appeals stated that this Court should also have considered the doctrine of equitable tolling. *Id.* The Court of Appeals affirmed this Court's decision that to the extent Plaintiff seeks review of the state court decisions applying 42 Pa. Cons. Stat. § 9545(b)(1)(ii), Pa.R.Crim.P. 902(E)(1), to deny his request for the alleged guilty plea, that review is barred by the *Rooker-Feldman* doctrine. *Id*.

Finally, the Court of Appeals found that "to the extent he lodged a facial challenge [as opposed to an as-applied challenge] to the constitutionality of 42 Pa. Cons. Stat. § 9545(b)(1)(ii) and Rule 902(E)(1), his claim is not barred by the *Rooker-Feldman* doctrine." *Williams v. Krasner*, 2023 WL 3773861 at * 2 (3rd Cir. 2023). *See also Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Butler v. Chardo*, 797 Fed. App'x. 716, 718 (3d Cir. 2020) (unpublished decision). Specifically, the Court of Appeals stated, "we conclude that the *Rooker-Feldman* doctrine poses no impediment to his independent claim that Rule of Criminal Procedure 902(E)(1), as authoritatively construed by the Pennsylvania courts in concert with §9545(d)(2) of the PCRA, violated his due process rights by prohibiting discovery of material to support his otherwise untimely PCRA petition." *Williams v. Krasner,* 2023 WL 3773861at * 2.  As a result, the Court of Appeals affirmed the Court's judgment in part, vacated the judgment in part and remanded for further proceedings.

Plaintiff subsequently filed an amended complaint naming Defendant Krasner in his official capacity. Presently before the Court is the Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint for failure to state a claim. For the reasons that follow, the motion is granted in part and denied in part.

When considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court assumes the truth of all factual allegations in a plaintiff's complaint and draws all inferences in favor of that party. *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008). The Court does not, however, assume the truth of any of the complaint's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);  *see also Connelly v. Lane Const. Corp.*, 809 F. 3d 780, 786 (3d Cir. 2016). If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the Defendant's liability – the motion is denied; if they fail to do so, the motion is granted. *Id*.

Plaintiff was convicted by a Philadelphia Court of Common Pleas jury in 1987 of first-degree murder and sentenced to death. The Supreme Court affirmed Williams' conviction and sentence in 1992. *See Commonwealth v. Williams*, 615 A.2d 716 (Pa. 1992). Plaintiff filed a petition under the PCRA, the outcome of which resulted in Plaintiff receiving a new sentencing hearing. As the result of a new sentencing hearing, the trial court, on May 1, 2012, resentenced Plaintiff to life in prison without parole. Plaintiff did not file a direct appeal from his judgment of sentence.

On August 16, 2016, Plaintiff filed a request with the Philadelphia District Attorney ("DA")'s Office pursuant to the RTKL, 65 Pa. Cons. Stat. §§ 67.101-67.3104,

seeking, *inter alia*, "the guilty plea offer in 1988 for Com. v. Craig Williams" as well as a jury venire list from his criminal trial. On August 23, 2016, the DA's Office denied Plaintiff's request, claiming that the guilty plea was related to a criminal investigation [an exception under the RTKL, 65 Pa. Stat. §67.708(b)(16)] and the venire list was a judiciary record and, therefore, could not be released.

On September 7, 2016, the Plaintiff appealed the decision of the DA's Office to the Pennsylvania Office of Open Records ("OOR"). On September 23, 2016, the OOR, through the affidavit of its Chief of Civil Litigation Unit, affirmed the denial of Plaintiff's request for the guilty plea on the basis that the guilty plea request fell within an exception to the RTKL for criminal investigative records [65 Pa. Stat. §67.708(b)(16)] and that the venire list constituted a judiciary record that could not be released.  On October 6, 2016, the OOR issued its Final Determination, remanding the portion of Plaintiff's Request seeking his alleged guilty plea, (and witness statements, voir dire notes, and weapon item receipt number) to the DA's designated appeals officer, to where, according to the OOR, Plaintiff should have appealed that portion of the DA Office's decision in the first place. The OOR further ruled that the venire list was not a judicial record and, therefore, directed the D.A.'s Office to produce the list to Plaintiff within 30 days.

On October 20, 2016, the DA's Office appealed the OOR's decision to grant Plaintiff's request for the venire list to the Court of Common Pleas of Philadelphia County. On April 20, 2017, that Court issued an Order vacating the OOR's Final Determination as to the venire list, concluding that the OOR had lacked jurisdiction to order the release of the venire list as it was indeed a record of a judicial agency. The

Common Pleas Court further remanded the issue of the venire list to the "trial court's designated judicial appeals officer."[3]

On September 4, 2017, Plaintiff appealed the Common Pleas Court's decision concerning the venire list to the Commonwealth Court of Pennsylvania which quashed the appeal on February 8, 2019, on the grounds that the appeal was interlocutory and not final. *Philadelphia Dist. Attorney's Off. v. Williams*, 207 A.3d 410, 411 (Pa. Commw. Ct. 2019).

As to the alleged guilty plea, it is unknown from the record whether the DA's designated appeals officer ever acted on the remand from the OOR. As a result, Plaintiff filed an untimely petition under the PCRA on November 18, 2016.  Citing 42 Pa. Cons. Stat. § 9545(b)(1)(ii), Plaintiff contended that the Petition should be allowed as timely based on newly discovered evidence consisting of the alleged existence of a guilty plea that Plaintiff claimed was confirmed by the September 23, 2016, affidavit from the OOR's Chief of the Civil Litigation Unit in response to Plaintiff's RTKL request. Plaintiff claimed that his counsel never revealed the existence of a potential guilty plea and that his failure to so could form the basis for an ineffective assistance of counsel claim. The PRCA court dismissed the PCRA petition as untimely, concluding that the averments in the September 23, 2016, affidavit were not indicative of the Commonwealth ever having made a plea offer to Plaintiff's counsel prior to trial. On December 13, 2019, the Superior Court of Pennsylvania affirmed, noting that "[w]hile the response refers to 'the guilty plea offer,' it only does so within a vague reference to [Plaintiff's] request for

---

[3] On June 5, 2018, the Common Pleas Court issued its Opinion supporting its Order of April 20, 2017. *Philadelphia Dist. Attorney's Office v. Williams*, 2018 WL 3243135, at *1 (Pa.Com.Pl. June 05, 2018)

various pieces of information. The affidavit does not clarify whether a guilty plea offer was made, let alone offer any supporting documentation. This evidence is insufficient to prove [Plaintiff's] claim of trial counsel ineffectiveness." *Commonwealth v. Williams*, No. 2415 EDA 2018, 2019 WL 6825169, at *3 (Pa. Super. Ct. Dec. 13, 2019).

In addition, the Superior Court found that the PCRA court did not err in failing to grant Plaintiff's Motion to Compel Discovery, noting that discovery in the PCRA context "is only permitted upon leave of court after a showing of exceptional circumstances.' *Id.* quoting Pa. R. Crim. P. 902(E)(1). The Superior Court found that the PCRA court did not abuse its discretion "in failing to grant the discovery motion based on [Plaintiff's] mere speculation that the District Attorney's Office may have evidence of a plea offer." *Id.* On September 1, 2020, the Pennsylvania Supreme Court denied a Petition of Allowance of Appeal. Plaintiff then filed this action on March 28, 2022.

Before the Court can consider the merits of Plaintiff's procedural due process claims, the Court must revisit whether those claims are barred by the applicable statute of limitations.[4] In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Therefore, Pennsylvania's two-year statute of limitations for personal injury clearly applies to Plaintiff's claims. See 42 Pa. Cons. Stat. § 5524; *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (holding that "in actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury ... [which] is two years ... [for] due process claims"); *Walker v. Williams*, No. 15-

---

[4] In his Memorandum of Law is Support of the Motion to Dismiss, "[d]efendant makes no argument as to the timeliness of Plaintiff's claims, but does not concede this point." ECF 32, p. 3 n.3.

1567, 2016 WL 687186, at *2 (E.D. Pa. Feb. 18, 2016), aff'd, 653 F. App'x 84 (3d Cir. 2016) (claim that procedural due process rights were violated is subject to Pennsylvania's two-year statute of limitations).

Under federal law, which governs the accrual of § 1983 claims, a § 1983 cause of action generally begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. *Wallace*, 549 U.S. at 388 (holding that a Section 1983 claim accrues when the plaintiff has a complete and present cause of action, when the plaintiff can file suit and obtain relief). However, a "procedural due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki*, 227 F. 3d 107, 116 (3d Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

The Court finds that Plaintiff's claims that 42 Pa. Cons. Stat. § 9545(b)(1)(ii) and Pa. R. Crim. P. 902(E)(1) are facially unconstitutional accrued on September 1, 2020, the date the Pennsylvania Supreme Court denied Plaintiff's Petition of Allowance of Appeal from the Order of the Superior Court affirming the Common Pleas Court's decision to dismiss the PCRA petition as untimely. This was the date the Commonwealth ultimately failed to provide due process. Since Plaintiff filed this action on March 28, 2022, within two years from the date the claims accrued, Plaintiff's procedural due process claims under the PCRA were timely filed in this Court.

The Court now turns to the merits of Plaintiff's procedural due process claims under the PCRA. To state a claim for a deprivation of procedural due process under Section 1983, "a plaintiff must allege that (1) he was deprived of an individual interest

that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). The plaintiff carries the burden of proving the inadequacies of the state-law procedures available to him. *Dist. Att'y's Office for the Third Jud. Dist. v. Osborne*, 557 U.S. 52, 71 (2009).

In *Osborne,* the Supreme Court recognized that a prisoner retains "a liberty interest in demonstrating his innocence with new evidence under state law." *Osborne* 557 U.S. at 68. However, the Court noted that states are afforded great flexibility in forging post-conviction relief and a federal court may only "upset a State's post-conviction relief procedures [ ... ] if they are fundamentally inadequate to vindicate the substantive rights provided." *Id.* at 69. As stated by the *Osborne* Court:

> A criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man. At trial, the defendant is presumed innocent and may demand that the government prove its case beyond reasonable doubt. But once a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears. Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.
>
> The State accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief. When a State chooses to offer help to those seeking relief from convictions, due process does not dictate the exact form such assistance must assume. Osborne's right to due process is not parallel to a trial right, but rather must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief. *Brady* is the wrong framework.
>
> Instead, the question is whether consideration of Osborne's claim within the framework of the State's procedures for

> postconviction relief offends some principle of justice so
> rooted in the traditions and conscience of our people as to be
> ranked as fundamental, or transgresses any recognized
> principle of fundamental fairness in operation. Federal courts
> may upset a State's postconviction relief procedures only if
> they are fundamentally inadequate to vindicate the
> substantive rights provided.

*Id.* at 68-69 (internal quotations and citations omitted). The *Osborne* Court saw "nothing inadequate" about postconviction procedures that limited release of DNA evidence upon a showing of new evidence establishing innocence to circumstances in which the evidence was diligently pursued and sufficiently material. *Id.* at 70.

The United States Court of Appeals for the Third Circuit, in discussing *Osborne*, has observed that "procedural due process does not *require* that a district attorney disclose all potentially exculpatory evidence for postconviction relief to a prisoner." *Grier v. Klem*, 591 F.3d 672, 678 (3d Cir. 2010) (emphasis in original). Consistent with *Osborne*, "only when those procedures are determined fundamentally unfair or constitutionally inadequate will a federal action under §1983 lie." *Id.* at 679. The question is whether the prisoner's "procedural due process rights, when considered within the framework of Pennsylvania's procedures for postconviction relief, were violated." *Id.*

Finally, a plaintiff succeeds in a facial challenge only by showing there is "no set of circumstances" that exists under which the statute at issue would be valid, *Heffner v. Murphy,* 745 F.3d 56, 65 (3d Cir. 2014). This is a "particularly demanding" standard. *United States v. Salerno,* 481 U.S. 739, 745 (1987).

Plaintiff does not attempt to explain how Pennsylvania's postconviction procedures for accessing documents are so flawed as to be "fundamentally unfair or

10

constitutionally inadequate." Although he suggests that he sought the alleged guilty plea and venire list in PCRA proceedings, Plaintiff provides no specific facts from which the Court could conclude that Pennsylvania's post-conviction relief procedures are fundamentally unfair or inadequate. After all, Section 9545(b)(1)(ii) of the PCRA does permit a Petitioner to file a PCRA petition outside the one year limitation period so long as the petition alleges and the petitioner proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Similarly, Pennsylvania Rule of Criminal Procedure 902(E)(1) does permit discovery during the PCRA proceedings upon a showing of "exceptional circumstances." Unfortunately, for Plaintiff the state courts found that Plaintiff did not meet either exception.

In essence, Plaintiff is arguing that since his request for the alleged guilty plea and venire list was denied by the state courts applying 42 Pa. Cons. Stat. §9545(b)(1)(ii) and Pa. R. Crim. P. 902(E)(1), these provisions must all be automatically unconstitutional. Plaintiff has certainly not met the "particularly demanding" standard of demonstrating there is "no set of circumstances" that exists under which the provisions at issue would be valid. *Id.* Accordingly, the Court will dismiss Plaintiff's facial challenge to the constitutionality of 42 Pa. Cons. Stat. § 9545(b)(1)(ii) and Pa. R. Crim. P. 902(E)(1).

The Court now turns to Plaintiff's claim that section 708 (b)(16) of the RTKL, 65 Pa. Cons. Stat. § 708 (b)(16), also violates the procedural due process clause of the Fourteenth Amendment because it too acts to deprive Plaintiff of his liberty interest to utilize state procedures to obtain reversal of the conviction, and/or reduce his sentence.

The Court must first address whether Plaintiff's procedural due process claim pertaining to the RTKL was timely filed. The Court of Appeals found that this Court "erred when it concluded that an affirmative defense based on the running of the statute of limitations was clear on the face of [Plaintiff's] complaint." *Williams v. Krasner*, 2023 WL 3773861 at *3. Specifically, the Appeals Court stated that this court "did not consider whether any of the procedural difficulties [Plaintiff] encountered when attempting to appeal either [the denial of his request for the guilty plea and the denial of his request for the venire list] affected the accrual date of the claim related to the RTKL or entitled him to equitable tolling of the statute of limitations." *Id*.

As noted above, on September 23, 2016, the OOR, through the affidavit of its Chief of Civil Litigation Unit denied Plaintiff's request for the alleged guilty plea on the basis that the request fell within an exception to the RTKL for criminal investigative records and denied Plaintiff's request for the venire list on the basis that it constituted a judiciary record that could not be released. Plaintiff appealed the DA's decision to the OOR which remanded Plaintiff's request for any guilty plea to the DA's designated appeals officer for further review.  It is unclear from the record whether the designated judicial appeals officer ever conducted a further review of Plaintiff's request on remand. *Philadelphia District Attorney's Office v. Williams*, 207 A. 3d 410, 414 n.10. ("The record herein does not reflect whether the designated judicial appeals officer rendered a final determination about the Request or it was deemed denied.")

With respect to Plaintiff's request for the venire list, the OOR granted the Plaintiff's request for the venire list and directed the DA's Office to produce it. However, the DA appealed the OOR's decision to the Court of Common Pleas of Philadelphia

County. That Court concluded that the OOR had lacked jurisdiction to order the release of the venire list because it is a judicial record and remanded the matter to the "trial court's designated appeal's officer." Plaintiff then appealed to the Commonwealth Court of Pennsylvania which quashed the appeal on the grounds that the appeal was interlocutory and not final, thereby triggering the remand process. It is unclear from the record whether the agency procedures were restarted on remand. Indeed, in its Opinion, the Court of Appeals even noted that "the date when the agency eventually disposed of [Plaintiff's] RTKL request on remand from the state courts would be relevant to the accrual of this due process claim, yet it does not appear in the record….But the quashing of that appeal merely restarted the agency procedure on remand, the conclusion of which is a necessary component to the accrual of a procedural due process claim." *Williams v. Krasner* 2023 WL 3773861 at n.6.

What is clear, however, is that this Court cannot determine when Plaintiff's action challenging the constitutionality of section 708(b)(16) of the RTKL accrued without knowing what actions, if any, occurred following the remand to the trial court's designated appeal's officer (venire list) and the remand to the DA's designated appeals officer (guilty plea). Therefore, the Court will deny the DA's motion to dismiss Plaintiff's claim challenging the constitutionality of section 708(b)(16) of the RTKL without prejudice and direct the DA to issue a status report to the Court within 30 days of this Opinion and Order on whether any further actions were taken (and, if so, the dates they were taken by written log of the respective officer's actions)) by the DA's designated judicial appeal's officer upon remand from the OOR (guilty plea) and by the trial court's

designated appeal's officer upon remand from the Philadelphia Court of Common Pleas (venire list).